# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GEORGE RICHARDSON,** | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    **Case No. CIV-24-247-RAW-GLJ** <br> ) |
| **CSAA GENERAL INSURANCE COMPANY d/b/a AAA INSURANCE,** | ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

## ORDER

    Before the court is the objection of the plaintiff to the Report and Recommendation of the United States Magistrate Judge. He recommended that the defendant's motion for partial summary judgment be granted.

    Plaintiff having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection. The court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *See* 28 U.S.C. §636(b)(1)(B); Rule 72(b)(3) F.R.Cv.P.

    Plaintiff brings claims for breach of contract and bad faith arising out

of the defendant's handling of plaintiff's insurance claim.  Defendant seeks (and the Magistrate Judge recommended) summary judgment as to the bad faith claim.

The essential issue is that the Magistrate Judge found that defendant concluded there was an inconsistency between the two reports done by adjuster Emily Case and that defendant further reasonably concluded there was a need for further investigation and examination regarding roof damage.  In objecting, plaintiff asserts defendant "manufactured a dispute" in order to "undermine its own adjuster" and thereby permit defendant to "forum shop" for an inspector who would agree with defendant's "pre-ordained determination."  Plaintiff terms this "textbook bad faith."

Upon de novo review, the undersigned concludes – even viewing the record in the light most favorable to plaintiff – the Magistrate Judge is correct.  Plaintiff contends that the Case reports were not contradictory because the October report excluded any damage from the August report (the two reports involved two different damage claims from storms). Defendant responds that this was not the inconsistency which prompted defendant to seek additional expert inspection.  Rather, the October report attributed multiple dents in the roofing panels to the September

2023 hailstorm. Some of those dents, however, were already documented in Case's August report after the July storm. Thus, defendant argues, this was a genuine -- not a manufactured -- dispute.

In other words, the parties' arguments on this point proceed from different premises, and defendant has pointed to the factual record to demonstrate the thought processes of the defendant. Plaintiff's assertion of ill motive, by contrast, relies on speculation. The court agrees with the Magistrate Judge and is persuaded that a jury could not reasonably infer that defendant acted in bad faith.

The Magistrate Judge also concluded that plaintiff's claim for punitive damages fails. *See Shotts v. GEICO Gen. Ins. Co.,* 943 F.3d 1304, 1320 (10th Cir.2019)(claim for punitive damages derivative or and dependent on bad faith claim); "In dismissing those two claims of bad faith, the Court necessarily granted summary judgment for Defendant on punitive damages as to those claims." *Higgins v. State Auto Property & Casualty Ins. Co.,* 2012 WL 2505307, *5 (N.D.Okla.2012)(footnote omitted).

It is the order of the court that the objection of the plaintiff (#38) is hereby denied. The Report and Recommendation (#34) is affirmed and adopted as the order of the court. The motion of the defendant for partial summary judgment (#23) is granted. Plaintiff's claims for bad faith and punitive damages are dismissed. Plaintiff's claim for breach of contract proceeds.

**IT IS SO ORDERED** this 29th day of MAY, 2025.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**